## BEEBE v. JUDD.

### Opinion delivered October 21, 1918.

1. WEAPONS—CARRYING UPON JOURNEY.—Where a brakeman on a passenger train running a distance of 180 miles, having some acquaintances at every station on his route, carried a 38-caliber Smith & Wesson pistol concealed on his person, it was a question for the jury whether he was upon a journey.

2. CRIMINAL LAW—JEOPARDY.—Where the court erroneously directed a verdict for defendant in a criminal case punishable by imprisonment, the cause, on reversal, can not be remanded for a new trial.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*J. N. Rachels,* for appellant.

It was error to direct a verdict. Whether he was on a journey or not was a question for a jury. He was traveling his usual route and knew many people at each stopping place on his daily travel. 99 Ark. 236, 45 *Id.* 359; 55 *Id.* 181; 45 *Id.* 536.

*Brundidge & Neelly,* for appellee.

Appellee was upon a journey within the exceptions of the statute. 55 Ark. 181; 99 *Id.* 236; 45 *Id.* 359-536. There was nothing to submit to the jury and a verdict was properly directed.

HUMPHREYS, J. Appellee was tried and convicted in the mayor's court of the town of Beebe for carrying a pistol as a weapon and was fined $50. An appeal was prosecuted from the judgment of conviction to the White Circuit Court. The cause was there tried by a jury upon the charge, appellee's plea of not guilty and the evidence adduced. Upon the request of appellee, the court peremptorily instructed the jury to return a verdict of not guilty. The jury thereupon returned the following verdict:

"We, the jury, find the defendant not guilty.

"C. N. Finn, Foreman."

From this verdict and judgment, an appeal has been properly prosecuted to this court.

The evidence showed that appellee was a brakeman on passenger trains on the Iron Mountain Railroad, running between Little Rock, Arkansas, and Poplar Bluff, a distance of 180 miles. While engaged in assisting passengers on and off the train at Beebe en route from Little Rock to Poplar Bluff, he was arrested on a warrant charging him with carrying a pistol as a weapon. A 38 caliber Smith & Wesson was found in a scabbard concealed on his person. He had some acquaintances at every station on his route.

It is insisted that the court erred in giving a peremptory instruction for acquittal. This is true unless the undisputed facts constitute the trip a journey in the law. Appellee defended on the ground that he was on a journey and protected by the exception contained in the statute against carrying a pistol as a weapon. Under the former adjudications of this court, it can not be said that the undisputed facts in this case show that appellee was on a journey. It was a question for a jury to determine under proper instructions. *Hathcote* v. *State*, 55 Ark. 181.

For the error indicated, the judgment is reversed. As jeopardy attached, the cause can not be remanded for a new trial.